# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WISCONSIN, <br><br> Defendant. | Case No. 19-CV-1603-JPS <br><br> **ORDER** |

      Plaintiff Raymond Collins, who is incarcerated at Green Bay Correctional Institution, proceeds in this matter *pro se*. He has filed a petition for a writ of coram nobis, (Docket #1), a motion to compel production of some arrest warrants, (Docket #3), and a motion for a sentencing modification hearing, (Docket #4). Plaintiff has also filed a motion to proceed *in forma pauperis*. (Docket #2). As discussed below, Plaintiff seeks relief which may be obtained under either 28 U.S.C. § 2254 or 42 U.S.C. § 1983. Thus, the Court proceeds to screen the complaint pursuant to its authority under 28 U.S.C. § 1915(e)(2)(B) and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

      Almost forty years ago, Plaintiff was convicted of a number of violent felonies, including murder. He was sentenced to life imprisonment. In his petition for a writ of coram nobis, Plaintiff makes a number of arguments challenging the validity of those convictions and his sentence. Confusingly, it appears he also wants *this* Court to conduct a sentencing modification hearing pursuant to state law. Plaintiff asks the Court to enjoin his criminal judgment as well as award him $500,000 in damages.

Plaintiff cannot employ a writ of coram nobis to challenge his confinement. That is a matter for a writ of habeas corpus under 28 U.S.C. § 2254. *United States v. Delhorno*, 915 F.3d 449, 452 (7th Cir. 2019) ("The writ of coram nobis is a means for a collateral attack on a criminal conviction alleging errors of law or fact that affect the fundamental character of the conviction, including inadequate counsel. It is similar to a habeas corpus petition and affords the same type of relief, . . . but it is available only when a defendant is no longer in custody and thus can no longer take advantage of habeas corpus relief.") (citations omitted). In his cover letter to the petition, Plaintiff specifically disavows his intent to file a petition for a writ of habeas corpus. (Docket #1-1). Furthermore, even if coram nobis was a valid basis for this action, Plaintiff cannot combine a request for money damages, which are permitted under 42 U.S.C. § 1983, along with a challenge to the fact or duration of his confinement, which is reserved for 28 U.S.C. § 2254.

Plaintiff's other motions are similarly meritless. The motion to compel cites a state statute, which this Court has no power to enforce. The motion for a sentence modification hearing, also citing state statutes, cannot be entertained by this Court; only the state court may employ those statutes to modify Plaintiff's sentence. Without any cognizable claims for relief presented in any of Plaintiff's filings, the Court will deny each of Plaintiff's pending motions and dismiss this action. Given the rambling, confused nature of Plaintiff's filings, and the uncertainty as to what type of action he is attempting to pursue—a habeas action under Section 2254 or a civil rights case under Section 1983—the Court's dismissal will be without prejudice. This will preserve any potentially meritorious claims Plaintiff may have so that he can bring them via an appropriate procedural vehicle.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel (Docket #3) and for a sentence modification hearing (Docket #4) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's petition for a writ of coram nobis (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge